**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **E.H.**

**No. 22-732** (Clay County CC-08-2022-JA-17)


**MEMORANDUM DECISION**


Petitioner Mother M.H.[1] appeals the Circuit Court of Clay County's August 16, 2022, order terminating her parental rights to the child, E.H.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings below were initiated in April 2022, when the DHHR filed a petition alleging that petitioner neglected the child's educational and medical needs. Specifically, the DHHR alleged that petitioner failed to provide medical treatment for the child's type 1 diabetes and allowed him to miss over 100 days of school.

Prior to adjudication, petitioner filed a motion for an improvement period. The circuit court held an adjudicatory hearing in June 2022, at which time the court heard testimony from petitioner and the child's medical provider. According to the medical provider, although diabetic patients must be evaluated every three months, petitioner failed to bring the child in for over one year. As a result, the child's prescriptions could not be consistently refilled and the provider testified that failure to administer medication as directed could be life-threatening. Petitioner admitted to improperly administering the child's medication, despite the provider instructing that insulin cannot be given on an "as needed" basis and must be administered in specific doses every day. Further evidence established that petitioner had deviated from the child's dietary restrictions because his blood sugar levels had been consistently elevated, despite the medical provider having instructed petitioner as to the child's diet and prescription requirements. Related to the child's absences from school, the medical provider testified that she did not provide any medical excuses for school absences and petitioner did not dispute the significant number thereof. At the close of

---

[1]Petitioner appears by counsel Andrew Chattin. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel MacKenzie Holdren appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

the evidence, the circuit court weighed the credibility of the witnesses and adjudicated petitioner as an abusing and neglecting parent on the basis that she neglected the child's medical and educational needs.

The court proceeded to disposition in July 2022. Petitioner was not present for the dispositional hearing despite sufficient notice, although she was represented by counsel. During the hearing, the circuit court heard testimony from the DHHR caseworker. The evidence indicated that petitioner failed to participate in drug screening as well as DHHR services, including adult life skills and individualized parenting services. The evidence further revealed that, on the three occasions that she did participate in drug screening, petitioner tested positive for methamphetamines and other drugs. Based on the evidence presented, the circuit court, noting her nonappearance, found that petitioner

> has failed to accept responsibility for her actions and acknowledge her abuse and neglect of the infant respondent; that there is no reasonable grounds to believe the abuse and neglect can or will be corrected in the reasonably foreseeable future; that the infant respondent has diabetes a serious and life threatening health condition and the respondent mother neglected the child's medical needs; and that the respondent mother has neglected the educational needs of the infant respondent.

The circuit court, upon finding that it is in the child's best interests, terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Before this Court, petitioner raises two assignments of error. First, petitioner states that it was error for the circuit court to adjudicate her as an abusing and neglecting parent. Regarding adjudication,

> [West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence]. The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden.

Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). Here, the evidence established that petitioner failed to seek regular, necessary treatment for the child's medical condition and ignored physician's orders regarding the child's dietary requirements and the administration of medicine. As a result, the child's blood sugar was consistently elevated, and the medical provider described petitioner's conduct as life-threatening. Further, the uncontroverted evidence demonstrated that petitioner permitted the child to miss an inordinate amount of school. This evidence is more than sufficient to establish that petitioner "harmed or threatened [the child]

---

[3]The permanency plan for the child is legal guardianship by relative placement.

by a present refusal, failure or inability . . . to supply the child with necessary . . . medical care, or education." W. Va. Code § 49-1-201.

In support of her assignment of error, petitioner cites to her own self-serving testimony to argue there was a lack of clear and convincing evidence to support adjudication. However, the circuit court considered the credibility of the witnesses in concluding that petitioner neglected the child. We have stated that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). Therefore, in light of the circuit court's determination concerning witness credibility in conjunction with the evidence in the record, we find no clear error in petitioner's adjudication.

Next, petitioner argues that the circuit court erred in terminating her parental rights because she believed she could correct the conditions of neglect at issue.[4] However, the circuit court found that the conditions of abuse and neglect could not be corrected based on petitioner's failure to acknowledge a problem. We have stated,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013). Because the circuit court found that petitioner failed to accept responsibility and acknowledge a problem, the problem is untreatable and there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected. Additionally, we have held as follows:

---

[4]In this assignment of error, petitioner also alleges that it was error for the court to deny her motion for an improvement period. However, the record shows that petitioner abandoned this motion at the dispositional hearing because she failed to appear. Specifically, petitioner's counsel stated the following at the dispositional hearing: "Well, Your Honor, obviously [petitioner]'s not here, so she hasn't carried her burden to show that she would comply with the terms of the improvement period . . . ." Although counsel requested that the court schedule a new hearing to secure petitioner's attendance, the fact remains that petitioner did not present any evidence in support of the motion for an improvement period or otherwise seek a ruling at that time. Accordingly, the issue has been waived. *See In re H.D.*, 248 W. Va. 239, 888 S.E.2d 419, 426 (2023) (citation omitted) ("'West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period[,]'" and the parent, not the DHHR, "'bear[s] the burden at the disposition stage to show that [she] should be granted the opportunity to remedy the circumstances that led to the filing of the abuse and neglect petition.'"). *Cf. State v. Marple*, 197 W. Va. 47, 51, 475 S.E.2d 47, 51 (1996) ("It is a fundamental proposition of law that an appellate court generally will not entertain an alleged trial error unless it has been properly preserved at trial.").

[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 16, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 21, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4